[Cite as *Estes v. Robbins Lumber, L.L.C.*, 2016-Ohio-8231.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| PAUL ESTES, et al., | : | |
|    Plaintiffs-Appellants, | : | CASE NO.  CA2016-02-011 |
| | : | O P I N I O N |
|   - vs - | | 12/19/2016 |
| | : | |
| ROBBINS LUMBER, LLC, et al., | : | |
|    Defendants-Appellees. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013-CVH-0332


Donald W. White, 237 Main Street, Batavia, Ohio 45103, for plaintiffs-appellants, Paul Estes, Allison Estes, Alan Meyer and Lysa Meyer

Matthew R. Skinner, P.O. Box 145496, Cincinnati, Ohio 45250-5496, for defendants-appellees, Don Kellerman and Joanne Kellerman


**RINGLAND, J.**

{¶ 1}  Plaintiffs-appellants Paul Estes, Alison Estes, Alan Meyer, Lysa Meyer, and the Haunnha Meyer Trust, appeal from the decision of the Clermont County Court of Common Pleas that granted summary judgment in favor of defendant-appellees, Don Kellerman (hereafter, "Don"), Joanne Kellerman, and 1040 TechneCenter Drive, Ltd. (collectively, "the Kellermans").

{¶ 2} Appellants own property in Milford, Ohio that abuts land owned by the Kellermans. In 2012, Don entered into an oral agreement with William Robbins to clear-cut trees from the Kellermans' property. The agreement called for Don and Robbins to split the profits from the timbering operation. Robbins then subcontracted the logging work to another person, Robert Walls.

{¶ 3} After work began, appellants noticed that loggers were removing trees on their property. Paul Estes called Don to complain. Don told Estes that he would contact Robbins.

{¶ 4} Don called Robbins and told him to resolve the problem with Estes. A few days later Estes noticed that the loggers were back felling trees on or near his property. Estes called Don again and the two met on site where the loggers were working. Don told the loggers to stop working and to leave the property. It is undisputed that the loggers trespassed on appellants' property and removed a substantial number of trees.

{¶ 5} Appellants sued the Kellermans and Robbins Lumber, LLC for trespass.[1] The parties conducted discovery. Robbins testified in his deposition that he walked the Kellermans' property with Don and saw wooden stakes tied with blue ribbons that marked the boundary lines. Robbins further testified that his agreement with Don was only to cut trees on the Kellermans' property.

{¶ 6} The Kellermans moved for summary judgment and attached Don's affidavit, in which he averred that neither he or his wife trespassed on appellants' property, nor did they direct Robbins or any of his employees or agents to trespass. The Kellermans also filed Robbins' deposition. The Kellermans argued that the summary judgment record demonstrated that they did not personally trespass or remove trees on appellants' land and that they did not authorize or instruct Robbins or any other person to do so.

---

1. Robbins is the sole owner of Robbins Lumber, LLC. Appellants did not sue Robbins, individually, or Robert Walls.

{¶ 7} In response, appellants argued that the Kellermans could be liable for Robbins' or his agents' or employees' trespasses because Don exerted control over Robbins' work, i.e., by walking the property with Robbins and directing him where to harvest trees, and by ordering the loggers to stop logging after Estes complained.

{¶ 8} In its decision, the trial court noted that it was undisputed that the Kellermans did not personally trespass or remove any trees from appellants' property. It then analyzed whether the Kellermans could nevertheless be liable to appellants through agency principles. The court concluded that the facts of the case demonstrated that Robbins was an independent contractor and the Kellermans had no control over how he ran his logging operation. Accordingly, the court concluded that the Kellermans could not be liable for any trespass committed by Robbins or his employees or agents and granted them summary judgment.

{¶ 9} Appellants assign two errors for our review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT "THE BOUNDARIES WERE CLEARLY MARKED WITH STAKES AND RIBBONS" SINCE THAT FACT WAS IN DIRECT CONFLICT WITH PLAINTIFF, ALAN MEYER'S TESTIMONY.

{¶ 12} Appellants argue that the trial court erred when it found in its decision that the boundary line between the Kellermans' and appellants' properties was "clearly marked with stakes and ribbons," an alleged fact in Don's summary judgment affidavit. Robbins also testified in his deposition that when he walked the property with Don it was bounded by wooden stakes tied with blue ribbons.

{¶ 13} However, appellants contend that Alan Meyer disputed this fact in his deposition testimony when he testified that there were only steel pins in the ground at the time of the logging operation and that stakes were put in later by a surveyor hired by the

parties after the trespass. However, Meyer's testimony was uncertain on this point because he also testified that he had "no idea" how the Kellermans' property was marked.

{¶ 14} In reviewing a decision granting summary judgment, our standard of review is *de novo. White v. DePuy, Inc.*, 129 Ohio App.3d 472, 477-478 (12th Dist.1998). We review the trial court's decision independently and without deference to the lower court decision. And we follow the standards set forth in Civ. R. 56(C). *Id.*

{¶ 15} Appellants do not explain why the existence or nonexistence of a clearly visible boundary line is a material issue of fact in this case. Appellants merely argue that the boundary line issue was a genuine issue of fact and "should cause a trier of fact to question the integrity of all of [Don's] self-serving statements." Appellants also argue that if the trier of fact believed Alan Meyer's testimony that the boundary was not clearly marked then "there is a clear basis for liability on [Don.]" However, appellants never explain the basis for that liability.

{¶ 16} "Trespass is an unlawful entry upon the property of another." *Chance v. BP Chemicals, Inc.,* 77 Ohio St.3d 17, 24 (1996). To state a cause of action in trespass, a property owner must prove two essential elements: (1) an unauthorized intentional act, and (2) an intrusion that interferes with the owner's right of exclusive possession of her property. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 11. The plaintiff bears the burden of proving each element of a trespass claim. *Id.*

{¶ 17} Intentional conduct is an element of trespass. A person can be liable for trespass whether he causes harm to any legally protected interest so long as he intentionally enters land in the possession of another or causes a thing or a third person to do the same. An intentional tort occurs when the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it. *Robinson* at ¶ 12.

{¶ 18} The issue of whether the boundary line between the property was clearly

marked is peripheral to the material and controlling issues of fact in this case. The Kellermans supported their summary judgment motion with evidence demonstrating that they did not personally trespass on appellants' land and that they did not direct Robbins or anyone else to trespass. Appellants did not submit any summary judgment evidence that would controvert these points and create a triable issue.

{¶ 19} Moreover, appellants did not raise the boundary line issue in summary judgment proceedings. In fact, appellants' statement of facts in its memorandum opposing the Kellermans' summary judgment motion recites Don's affidavit for the proposition that he walked the property with Robbins and the boundaries were clearly marked with stakes. Although appellants filed Alan Meyer's deposition, they did not refer to his allegedly inconsistent testimony.

{¶ 20} The "failure to raise arguments, affirmative defenses, and objections to evidence in opposition to summary judgment will constitute waiver of such arguments." *Zeallear v. F & W Properties*, 10th Dist. Franklin No. 99AP-1215, 2000 WL 1015345, *5 (July 25, 2000). Appellants did not contest the Kellermans' factual assertion that Don walked the property with Robbins and the boundaries were clearly marked. They have waived that argument on appeal. In addition, the trial court's decision is properly supported by uncontroverted summary judgment evidence showing that the Kellermans did not trespass or intentionally cause another to do so. Accordingly, the first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT KELLERMAN AND ROBBINS' BUSINESS ARRANGEMENT WAS A JOINT VENTURE, THUS BOTH WERE LIABLE FOR THE ACTS AND/OR CONSEQUENCES OF THE OTHER WHILE IN THE COURSE OF THEIR BUSINESS [VENTURE].

{¶ 23} Appellants argue that the trial court should have found that Don's agreement

with Robbins was a joint business venture and, further, that the Kellermans are liable for the trespass committed by Robbins or his agents and employees. The Kellermans contend that appellants are raising this argument for the first time on appeal and are thus precluded from arguing it now. The Kellermans also argue that the facts do not demonstrate a joint venture.

{¶ 24} We have reviewed the record and find that appellants did not raise this argument in the summary judgment proceedings. Appellate courts do not consider arguments raised by parties for the first time on appeal. *State ex rel. Quarto Mining Co. v. Foreman,* 79 Ohio St.3d 78, 81 (1997). Appellate courts review summary judgment decisions *de novo* but the parties are not given a second chance to raise arguments that they should have raised below. *Touhey v. Ed's Tree & Turf, LLC*, 194 Ohio App.3d 800, 808-809, 2011-Ohio-3432, ¶ 27. Accordingly, the second assignment of error is overruled.

{¶ 25} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.